IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

J.B., as PARENT and NEXT FRIEND of )
K.B., a minor child )
)
    v. ) NO: 3:18-0090
)
SUMNER COUNTY BOARD OF )
EDUCATION, et al. )

TO: Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMENDATION

By Order entered February 13, 2018 (Docket Entry No. 4), this *pro se* lawsuit was referred to the Magistrate Judge for pretrial proceeding under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 13) of Defendants Sumner County Board of Education and Karen Shoulders. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND AND THE MOTION TO DISMISS

This *pro se* lawsuit was filed on January 29, 2018, against the Sumner County Board of Education ("Sumner County") and Karen Shoulders ("Shoulders") by the parent ("J.B.") of a minor child who is 4 years old and is deaf. *See* Complaint (Docket Entry No. 1). Plaintiff asserts that his minor child ("K.B.") formerly went to school in Davidson County, Tennessee, where he had an individualized education program ("IEP")[1] in place. *Id*. at 2. He contends that their family moved

---

[1] The IEP is filed as an attachment to the complaint. *See* Docket Entry No. 1-1.

to Sumner County and that K.B. started school at Station Camp Elementary school on an unspecified date, but that the new school did not follow the IEP, "cut his hours by 2/3," and offered him lesser services. *Id*. Plaintiff contends that, after he filed a "complaint," the Tennessee Board of Education investigated the matter and found Sumner County to be in "violation of his rights" but that the school did not correct the issue. *Id*.

In his original complaint, Plaintiff sought reimbursement "for all fees incurred" and an order to compel Sumner County to abide by the IEP and to provide any additional services. *Id*. at 3. In an amended complaint filed March 8, 2018, Plaintiff alleges that Sumner County "refused to provide services until I filed this suit" and seeks "reimbursement for all expenses" and "compensation to my son for the violations against him." *See* Amended Complaint (Docket Entry No. 12). Plaintiff refers to the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, as the legal grounds for his case. *See* Complaint at 1; and Amended Complaint at 1.

In lieu of an answer, Defendants have filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They raise three arguments in their motion. First, they assert that the lawsuit should be dismissed because K.B.'s parents did not exhaust administrative remedies before filing suit, as is required by the IDEA. *See* Memorandum in Support (Docket Entry No. 14) at 4-6. Second, they argue that Plaintiff's pleadings do not set out any factual allegations against Defendant Shoulders. *Id*. at 6. Third, they argue that dismissal of Plaintiff's ADA claims against Defendant Shoulders is required because the ADA does not provide for liability against individuals. *Id*. at 6-7.

2

Plaintiff has not responded to the motion or made any other type of filing since filing the amended complaint.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for the dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a complaint filed by a *pro se* plaintiff must still plead sufficiently specific factual allegations, not just legal conclusions, in support of each claim. *See Iqbal*, 556 U.S. at 678-679.

## III. ANALYSIS

While the general background of the case is clear from the pleadings, Plaintiff's factual allegations are somewhat sparse and vague in terms of specific details. Additionally, Plaintiff has not responded in any manner to the motion to dismiss. Both of these factors make it difficult for the Court to recommend anything other than that the motion to dismiss be granted.

First, under Local Rule 7.01(b), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Further, Plaintiff's failure to respond in any manner indicates, on some level, that Plaintiff has lost interest in pursuing the lawsuit.

Second, review of the motion shows that Defendants have set forth sound legal arguments that support dismissal. Plaintiff has not rebutted these arguments. In the absence of a response from Plaintiff as to why the lawsuit should not be dismissed, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

The IDEA provides that children with disabilities be given the necessary services to ensure that they receive a "free appropriate public education" ("FAPE"). *Fry v. Napoleon Cmty. Sch.*, __ U.S. __, 137 S. Ct. 743, 749, 197 L. Ed. 2d 46 (2017). The IEP serves as the "primary vehicle" for providing each child with the promised FAPE. *Id*. When a lawsuit is brought based on allegations that an IEP is not being followed and, thus, a FAPE is being denied to a disabled child, the IDEA requires the plaintiff to pursue and exhaust the administrative procedures established by the IDEA. *Fry*, 137 S.Ct. at 754-55. Administrative exhaustion is required even if claims under the ADA or Section 504 of the Rehabilitation Act are also raised by the plaintiff. *Id*. Further, administrative exhaustion is required even if a request for money damages, which are not available in an IDEA administrative proceeding, is made as a claim for relief. *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d

4

912, 916 (6th Cir. 2000); *P.G. by & through R.G. v. Rutherford Cty. Bd. of Educ.*, 313 F.Supp.3d 891 (M.D. Tenn. 2018). Plaintiff has not demonstrated that he exhausted his administrative remedies under the IDEA nor has he set forth any argument as to why exhaustion is not required under the facts of this case and the prevailing law. Accordingly, dismissal of this action is warranted. *See C.P. v. Tennessee Dep't of Educ.*, 2018 WL 1566819 at *7 (M.D. Tenn. Mar. 30, 2018) (Newbern, J.) ("Plaintiffs do not contest that they have not exhausted their available administrative remedies or that their IDEA, ADA, and Rehabilitation Act claims fall under a general exhaustion requirement. Because Plaintiffs have not alleged facts sufficient to plead an exception to that requirement, their action must be dismissed for failure to state a claim on which relief may be granted.").

To the extent that the request for damages in this case could be construed as a claim under the ADA or Section 504 of the Rehabilitation Act that is outside the realm of the IDEA's exhaustion requirement, *see Sophie G. by & through Kelly G. v. Wilson Cty. Sch.*, 2018 WL 3409208 at *6 (6th Cir. July 12, 2018) (claims not related to the denial of a FAPE were not required to be exhausted), the minimal factual allegations set out by Plaintiff are simply insufficient to state a plausible claim under either of these statutes. Indeed, Plaintiff has not set forth any argument as to how the alleged actions at the Station Camp school violate either statute. The failure of his pleading to meet this minimal standard requires the dismissal of any ADA or Section 504 claims for failure to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678-79; *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Finally, to the extent that Defendant Shoulders is sued as an individual, there are no factual allegations in the pleadings that show potential wrongdoing on her part or that support any type of legal claim against her. Additionally, neither the ADA nor the Rehabilitation Act provide for the

assessment of individual liability. *Mayes v. City of Oak Park*, 285 Fed.App'x 261, 261 (6th Cir. 2008)*; Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999).

## R E C O M M E N D A T I O N

For the reasons set out above, the undersigned respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 13) of Defendants Sumner County Board of Education and Karen Shoulders be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to objections must be filed within fourteen (14) days of service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge